**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| LINK SNACKS, INC., | Court File No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| JOHN DOES 1-100 | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff Link Snacks, Inc. ("Link Snacks") for its Complaint against Defendants John Does 1-100, individuals and/or entities selling products via the website www.ebay.com, states:

## THE PARTIES

1. Link Snacks is a corporation in good standing organized under the laws of the State of Wisconsin, having its principal place of business at 1 Snack Food Lane, Minong, Wisconsin 54859 and marketing operations at 110 North 5th Street, Suite 700, Minneapolis, Minnesota 55403-1631. Link Snacks is a multinational manufacturer and marketer of a wide variety of snack products, including beef jerky products. Link Snacks sells its beef jerky under the JACK LINK'S brand. The JACK LINK'S brand is among the best known and most trusted brands in the beef jerky snack food market.

2. Defendants are persons, companies, or entities doing business in Minnesota and elsewhere listing and/or selling unofficial coupons via www.ebay.com. The coupons incorporate Link Snacks' JACK LINK'S trademarks. Defendants were not and are not authorized to use Link Snacks' trademark or to sell the unauthorized coupons.

3. The Defendants are assigned a user name by www.ebay.com when offering products via that website. Some of the Defendants go by the user names treynolds8484, nicole1249, jtown995, jazzzyjess, riversidez, vintagepostcardshop, amandaityybitty2006, one2own, 2extreme2pay, kbli2841, kuponkweenmom, 4hzkare, kimmyadams2011, danielretired, bulllsrus, misst1955, kingislandz, fireman582wp, windstreamz, billhowell2424, jaynewebb, jimmyz9988, abu_101, pcox1225, hauser0_60, couponsaves2013, texasjimbob, mogooddeals4less, fishing-101, mrud1x, 1960annieoliver, savesmoney2, eagerbecorp, jeff111*jeff, ilovebabyv, sue6230, volturenpal, oterryoliver, mhoadley0414, capone33006, wonny-sports, anrooks2012, supper3, kendrakendra4, njeasylife01, and mhoadley0414. Listings from other Defendants were not available based on the removal by eBay. Link Snacks will supplement that information once it becomes available.

4. The identity and domiciles of the Defendants are presently unknown to Link Snacks because the Defendants do not list their real names or full contact information on eBay. Once the identities and contact information of these Defendants is known to Link Snacks, this Complaint will be amended to name them and their locations.

5. All of the Defendants are doing business in interstate commerce over the Internet, are accepting payments online and are either involved in offering to sell infringing products to Minnesota residents, selling infringing products to Minnesota residents, or are shipping infringing products to Minnesota residents. Information via eBay shows at least some of Defendants list Minnesota as their location. All of the Defendants have availed themselves of the privilege of regularly transacting business with Minnesota residents, businesses and individuals.

6. Based on the similarity of the coupons at issue, Defendants have likely engaged in joint conduct amounting to an interstate scheme to infringe on Link Snacks' trademarks.

## THE NATURE OF THE ACTION

7. This is an action for trademark infringement, unfair competition and counterfeiting under the Lanham Act, 15 U.S.C. 1051 *et seq.*; deceptive trade practices arising under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 *et seq.*, unlawful trade practices under the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq.*, and common law trademark infringement and unfair competition.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). It has subject matter jurisdiction over the supplemental state claims pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1332. The parties are citizens of different states and the value of the interests Link Snacks seeks to protect exceeds the sum of $75,000, exclusive of interests and costs.

9. The Court has personal jurisdiction over Defendants under Minn. Stat. § 543.19 because, on information and belief, Defendants either reside in this district or conduct business in this district through www.ebay.com. Through that Internet website, Defendants offer to sell, sell, and market the products accused of infringing. The conduct of the Defendants causes harm and injury to Link Snacks in Minnesota and elsewhere.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## LINK SNACKS' TRADEMARKS

11. Link Snacks manufactures and sells snack products, including beef jerky products. Link Snacks sells its beef jerky products under the name JACK LINK'S.

12. Since at least as early as May of 1985, Link Snacks has sold meat snacks under the JACK LINK'S brand. The JACK LINK'S brand is exceedingly strong and famous. The

United States Patent and Trademark Office issued Registration No. 2,147,622 for use of JACK LINK'S on meat snacks on March 31, 1998.  Ex. A.  The registration is incontestable.

13. Since at least as early as May of 2005, Link Snacks has sold meat snacks under the stylized logo:



The United States Patent and Trademark Office issued Registration No. 3,123,509 for use of the stylized JACK LINK'S mark on meat snacks on August 1, 2006.  Ex. B.  This registration is incontestable.

14. Link Snacks has also sold various meat snack products under derivatives of its JACK LINK'S and stylized JACK LINK'S trademarks.  Those marks include JACK LINK'S SNACK FOODS (Reg. No. 1,910,274 for meat snacks); JACK LINK'S PICKLED PETE (Reg. No. 1,872,666 for meat snacks, pickled eggs and pickles); JACK LINK'S SMOKEHOUSE (Reg. No. 3,609,589 for meat snacks); JACK LINK'S CLASSICS (Reg. No. 3,963,166 for meat snacks); JACK LINK (Reg. No. 3,257,182 for meat snacks); JACK LINK'S PREMIUM CUTS (Reg. No. 3,276,640 for meat snacks); and JACK LINK FAMILY QUALITY GUARANTEE SINCE 1885 and design (Reg. No. 3,287,149 for meat snacks).  Registrations of those marks, some of which are incontestable, are attached as Exhibit C.

15. The Link Snacks trademarks described in paragraphs 11-14 are collectively referred to as the "JACK LINK'S Marks."

**LINK SNACKS' BUSINESS**

16. Link Snacks has carefully nurtured the goodwill associated with the JACK LINK'S Marks. Link Snacks has invested significantly in promoting these trademarks and in assuring that the trademarks are associated with high quality products. Through Link Snacks' extensive efforts, the JACK LINK'S brand and the stylized JACK LINK'S logo marks have come to represent high quality meat snacks. The JACK LINK'S Marks are among the best known in the meat snack field and are extremely valuable.

17. Link Snacks has used the JACK LINK'S Marks in advertising, on the Internet, in print and other promotional materials and on packaging associated with meat snacks. Link Snacks' extensive use and promotion of the JACK LINK'S Marks has created highly distinctive trademarks that are widely recognized by the consuming public as identifying Link Snacks as the source of the meat snacks associated with the marks. The JACK LINK'S Marks are extremely valuable commercial assets because of the substantial goodwill associated with them.

18. In addition to the advertising, marketing, and promotion identified above, Link Snacks markets its meat snack products under the JACK LINK'S Marks through offering coupons for its products sold in connection with the JACK LINK'S Marks. Examples of official coupons offered for the JACK LINK'S brand meat snacks products are set forth below:



19. The legitimate and official JACK LINK'S brand coupons display JACK LINK'S meat snacks packaging in full color, have an expiration date, and contain a holographic security strip. A closer look at the holographic security strip is below:



20. The only genuine coupons that offer free JACK LINK'S meat snack products come from Link Snacks' consumer relations. Link Snacks does not permit third parties to re-print the coupons.

**UNLAWFUL CONDUCT BY DEFENDANT**

21. Defendants are listing, offering for sale, and selling unofficial coupons that bear the JACK LINK'S Marks that were not provided by Link Snacks. A sample of one of the unofficial coupons offered via www.eBay.com is set forth below:



22. Link Snacks offered a coupon similar to the one identified above in 2009. Link Snacks, however, no longer offers that coupon.

23. The unofficial coupons contain no expiration date, have no holographic strip, and are not printed with the JACK LINK'S color packaging. The unofficial coupons are also often printed on shiny or glossy white paper.

24. The Defendants' use of the JACK LINK'S Marks in connection with the unofficial coupons deceives consumers and potential consumers into believing that they are purchasing legitimate and official coupons offered by Link Snacks. Because the coupons are in fact not official, they may not be accepted by retailers, which causes harm to the public and to Link Snacks.

25. Link Snacks has repeatedly requested that eBay remove the unofficial coupons from its website at www.ebay.com. Further, Link Snacks has written to many of the Defendants via the communication system on www.ebay.com informing those Defendants that they do not have the right to offer unofficial coupons.

26. eBay has removed several of the listings. However, based on the number of listings of unofficial coupons, some have been and continue to be sold to consumers. In turn, those consumers have attempted to redeem those coupons at retail locations for JACK LINK'S brand meat snack products.

27. Link Snacks has notified retail stores of the fake coupons that are identified above. Stores are instructed that the coupons are not legitimate. Certain stores have posted notices at the checkout that the coupons are fraudulent and will not be accepted.

28. Facebook.com has posted a public service announcement regarding the fake coupons at issue in this lawsuit. The public service announcement is located at:

https://www.facebook.com/media/set/?set=a.10150491014330325.422293.112132410324&type=3 and informs consumers that coupons are fraudulent.

29. By listing, offering to sell, and selling unofficial coupons, the Defendants are harming the public, Link Snacks and its JACK LINK'S Marks. Consumers who are denied the use of the coupons lose the money they spent to acquire the unofficial coupons. Further, they are likely to believe that Link Snacks offered the coupons, which harms Link Snacks' reputation and goodwill.

30. The Defendants' sale of the unofficial coupons has also resulted in thousands of dollars of fake coupons being redeemed at retail locations. Once the coupon is redeemed, Link Snacks must pay the retail establishment or be charged additional penalties even if the coupon was not official or legitimate.

31. As shown herein, the Defendants' unofficial coupons contain a confusingly similar logo to the JACK LINK'S Marks. Other components of the coupons also give the false impression the coupon is from Link Snacks. The unofficial coupons give an overall impression that the coupons are offered by Link Snacks.

32. The Defendants' conduct described herein, all of which occurs in interstate commerce, was not authorized by Link Snacks.

33. The Defendants' conduct evidences a persistent and intentional scheme to derive financial benefit from the JACK LINK'S Marks and to harm Link Snacks. The Defendants copied the JACK LINK'S Marks and created confusingly similar coupons that were offered to consumers in interstate commerce. The Defendants also promoted the unofficial coupons as being from Link Snacks.

**FIRST CLAIM FOR RELIEF**
**INFRINGEMENT/ COUNTERFEITING OF REGISTERED TRADEMARKS UNDER**
**THE LANHAM ACT**

34.    Link Snacks repeats the allegations of paragraphs 1-33 of this Complaint.

35.    Defendants' use of the JACK LINK'S Marks and derivatives of those marks is likely to cause confusion, mistake, or deception as to the source of origin of Defendants' coupons in that customers and potential customers are likely to believe that the coupons provided by Defendants under these marks are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Link Snacks.

36.    The fake coupons offered by the Defendants are substantially identical to coupons previously offered by Link Snacks.  Further, the fake coupons offered by the Defendants use trademarks and logos that are identical to the JACK LINK'S Marks. Therefore, the fake coupons are likely to cause confusion.

37.    The Defendants, by copying Link Snacks' marks in connection with the fake coupons, intentionally used a mark or designation knowing that mark or designation was a counterfeit mark in connection with the sale, offer to sell, or distribution of goods or services.

38.    Further, by selling the fake coupons via third party eBay, the Defendants provided the goods and services necessary to commission the violation of using a mark or designation in connection with the sale, offer to sell, or distribution of goods or services, knowing that mark or designation was a counterfeit mark.

39.    The JACK LINK'S Marks are registered on the Principal Register of the United States Patent and Trademark Office and are used in commerce by Link Snacks.  Defendants' use of these marks as a spurious designation of origin constitutes counterfeiting and is likely to cause confusion, mistake, or deception in that customers and potential customers are likely to believe

there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the products provided under the counterfeit marks and Link Snacks.

40. Defendants' improper association of authentic JACK LINK'S brand in connection with the marketing and promotion associated with the offerings of their fake coupons is also likely to confuse potential consumers searching for JACK LINK'S brand meat snacks. Defendants' improper association is likely to cause confusion, mistake, or deception in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the products provided by the Defendants and Link Snacks.

41. Defendants' described conduct is willful.

42. As a direct and proximate result of the likely confusion, mistake, or deception, Link Snacks has suffered, and will continue to suffer, irreparable harm if Defendants' described conduct is not enjoined.

43. The likely confusion, mistake, or deception caused by the Defendants violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

44. Pursuant to 15 U.S.C. § 1117, Link Snacks is entitled to recover statutory damages not exceeding $2,000,000 for each counterfeit mark used, Link Snacks' damages and all of Defendants' profits as well as the cost of this action. The intentional nature of Defendants' unlawful acts renders this an "exceptional case," entitling Link Snacks to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

45. Link Snacks repeats the allegations of paragraphs 1-44 of this Complaint.

46. Defendants' use of the JACK LINK'S Marks and derivatives of those marks is likely to cause confusion, mistake, or deception as to the source of origin of Defendants' coupons in that customers and potential customers are likely to believe that the coupons provided by Defendants under these marks are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Link Snacks.

47. Defendants' improper association of JACK LINK'S brand, marks, and logo with their coupons is likely to confuse potential consumers searching for legitimate JACK LINK'S coupons. Defendants' improper association is likely to cause confusion, mistake, or deception in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the products provided by Defendants and Link Snacks.

48. Defendants' promotion of fake coupons with the JACK LINK'S Marks is also likely to cause confusion, mistake, or deception in that observers, customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the promotion of the coupons provided by Defendants and Link Snacks.

49. As a direct and proximate result of the likely confusion, mistake, or deception, Link Snacks has suffered and will continue to suffer irreparable harm if Defendants' described conduct is not enjoined.

50. The likely confusion, mistake, or deception caused by Defendants violates 15 U.S.C. § 1125(a).

51. Pursuant to 15 U.S.C. § 1117, Link Snacks is entitled to recover Link Snacks' damages and all of Defendants' profits as well as the costs of this action. The intentional nature

of Defendants' unlawful acts renders this an "exceptional case," entitling Link Snacks to an award of attorneys' fees under 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### DECEPTIVE TRADE PRACTICES – MINN. STAT. 325D.44

52. Link Snacks repeats and incorporates herein the allegations of paragraphs 1-51 of this Complaint.

53. Defendants have engaged in deceptive trade practices in violation of Minn. Stat. § 325D.44, including Minn. Stat. § 325D.44(1)-(5), because their use of the JACK LINK'S Marks and derivatives of those marks is likely to cause confusion, mistake, or deception as to the source of origin of Defendants' coupons in that customers and potential customers are likely to believe that the coupons Defendants provide under the JACK LINK'S Marks and derivatives of those marks are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Link Snacks.

54. Link Snacks has standing under Minn. Stat. § 8.32(3)(a) to bring this cause of action because Link Snacks brings this cause of action for the public benefit.  In particular and in addition to the facts addressed above, consumers who purchase Defendants' unofficial coupons may not be redeemable at retail locations because those locations have been instructed not to accept them.  The Defendants' actions are causing harm to the public.

55. As a direct and proximate result of the likely confusion, mistake, or deception, Link Snacks has suffered and will continue to suffer irreparable harm to the public and Link Snacks if Defendants' described conduct is not enjoined.

56. Pursuant to Minn. Stat. § 325D.45, Link Snacks is entitled to an injunction, its costs, and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**UNLAWFUL TRADE PRACTICES ACT – MINN. STAT. § 325D.15**

57. Link Snacks repeats and incorporates herein the allegations of paragraphs 1-56 of this Complaint.

58. Defendants have engaged in unlawful trade practices in violation of Minn. Stat. § 325D.09 *et seq.* because their use of the JACK LINK'S Marks and derivatives of those marks is likely to cause confusion, mistake, or deception as to the source of origin of Defendants' coupons in that customers and potential customers are likely to believe that the coupons provided by Defendants under the JACK LINK'S Marks and derivatives of those marks are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Link Snacks.

59. As a direct and proximate result of the likely confusion, mistake, or deception, Link Snacks has suffered and will continue to suffer irreparable harm if Defendants' described conduct is not enjoined.

60. Pursuant to Minn. Stat. § 325D.15 and § 8.31, Subd. 3a, Link Snacks is entitled to an injunction, damages, costs, disbursements, and reasonable attorney's fees.

**FIFTH CLAIM FOR RELIEF**
**COMMON LAW TRADEMARK INFRINGEMENT**

61. Link Snacks repeats and incorporates herein the allegations of paragraphs 1-60 of this Complaint.

62. The JACK LINK'S Marks are distinctive and famous.

63. Defendants' use of the JACK LINK'S Marks and derivatives of those marks is likely to cause confusion, mistake, or deception as to the source of origin of Defendants' coupons in that customers and potential customers are likely to believe that the coupons provided under the JACK LINK'S Marks and derivatives of those marks are provided by, sponsored by,

approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Link Snacks.

64. Defendants' acts constitute trademark infringement under the common law.

65. Defendants acted in willful, deliberate, and/or intentional disregard of Link Snacks' rights.

66. Link Snacks has suffered irreparable harm, for which it has no adequate remedy at law, and will continue to suffer irreparable injury unless and until Defendants' infringing acts are enjoined by this Court.

## SIXTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

67. Link Snacks repeats and incorporates herein the allegations of paragraphs 1-66 of this Complaint.

68. Defendants' conduct constitutes unfair competition in violation of Link Snacks' rights.

69. As a direct and proximate result of Defendants' unfair competition, Link Snacks has suffered and will continue to suffer irreparable harm if Defendants' conduct is not enjoined.

70. Defendants acted in willful, deliberate and/or intentional disregard of Link Snacks' rights.

71. Link Snacks has suffered irreparable harm, for which it has no adequate remedy at law, and will continue to suffer irreparable injury unless and until Defendants' unfair competition is enjoined by this Court.

72. Link Snacks respectfully requests a jury trial for this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Link Snacks respectfully requests judgment against the Defendants as follows:

 A. That each Defendant and all agents, servants, employees, attorneys, representatives, related companies, and all those in privity with or acting in concert with any Defendant, be preliminarily and permanently enjoined and restrained from directly or indirectly:

 1. Using Link Snacks JACK LINK'S Marks or any other name or mark confusingly similar thereto, on, or in association with goods or services not originating with Link Snacks;

 2. Performing any actions or using any words, names, styles, titles, logos, or marks which are likely to cause confusion or mistake, or to deceive; or to otherwise mislead the trade or the public into believing that the Defendants and Link Snacks are in some way connected, affiliated, or associated with one another, or that Defendants' products originate with Link Snacks or are offered with the approval, consent, authorization, or under the supervision of Link Snacks;

 3. Using any words, names, styles, titles, or marks which create a likelihood of injury to the business reputation of Link Snacks or the goodwill associated therewith; and

 4. Using any trade practice whatsoever, including those complained of herein, which tend to unfairly compete with or injure Link Snacks' business or goodwill.

B.  For an Order requiring each Defendant to submit a report in writing and under oath to the Court and Link Snacks within thirty (30) days of the service on each Defendant of the injunctive order setting forth in detail the manner and form by which such Defendant has complied with the injunction.

C.  That each Defendant be required to deliver up for destruction all goods, components for goods, packaging, stationery, signage, advertisements, brochures, promotional materials, and all other materials of any kind bearing the JACK LINK'S Marks or any simulation, reproduction, copy or colorable imitation of the JACK LINK'S Marks, including, but not limited to, coupons and electronic copies of coupons bearing the JACK LINK'S Marks.

D.  That Defendants be required to pay to Link Snacks all of Link Snacks' litigation expenses, including reasonable attorneys' fees and the costs of this action.

E.  Awarding Link Snacks all damages permitted by 15 U.S.C. § 1117(a), trebled.

F.  Awarding Link Snacks damages pursuant to 15 U.S.C. § 1117(c).

G.  Awarding Link Snacks its damages caused by Defendants' common law trademark infringement in an amount to be established at trial.

H.  Awarding Link Snacks such further relief as this Court deems just and proper.

**MERCHANT & GOULD**

Dated: March 15, 2013					By: <u>s/ William D. Schultz</u>
							Scott W. Johnston  (MN# 247558)
							William D. Schultz  (MN# 323482)
							3200 IDS Center
							80 South Eighth Street
							Minneapolis, MN  55402-2215
							Telephone:  (612) 332-5300
							Facsimile:  (612) 332-9081
							 sjohnston@merchantgould.com
							 wschultz@merchantgould.com

*Attorneys for Plaintiff Link Snacks, Inc.*