**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| LINK SNACKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-100 <br><br> Defendants. | Court File No. 13-cv-00604-JNE-JSM |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**EXPEDITED DISCOVERY**

**INTRODUCTION**

Plaintiff Link Snacks, Inc. ("Link Snacks") moves for an Order to exempt Plaintiff from compliance with the meet and confer requirements of Fed. R. Civ. P. 26(d) and 26(f) in order to conduct limited expedited discovery related to obtaining the true identity of the John Doe defendants alleged to infringe in the Complaint. Defendants promote, offer, and sell fake coupons via eBay.com and other online locations related to Link Snack's meat snack products sold under the trademark JACK LINK'S. Consumers purchase the fake coupons thinking that the coupons are legitimate and that they will be able to redeem them at retail stores for Link Snacks' products. The coupons, however, are not legitimate. As a result, Defendants' actions are causing immediate and continued harm to the customers who pay for the fake coupons and are unable to redeem them. Further, Link Snacks is harmed through the loss of goodwill to the customers. Moreover,

Link Snacks has been damaged by retail stores accepting the payments, resulting in thousands of dollars of reimbursements for fake coupons.

Link Snacks did extensive investigation to learn the true source of the products, including sending notifications to the sellers of the fake coupons. Link Snacks also submitted notices of claimed infringement with eBay to remove the infringing postings. Despite those efforts, the fake coupons continue to be posted on eBay.com. Link Snacks continues to work with eBay to determine the names of the individuals. However, Link Snacks has not been able to determine the source of the fake coupons.

In order to identify and effect proper service on the appropriate defendants and to seek preliminary relief, limited discovery is necessary. The discovery is needed on an expedited basis to prevent the continued harm to the public and Link Snacks. Link Snacks requests the opportunity to conduct limited discovery of serving a subpoena on eBay, Inc. to determine the true identity of those individuals and entities who have sold the infringing and fake coupons.

## PROCEDURAL POSTURE AND FACTUAL BACKGROUND

I. **Limited Expedited Discovery Is Necessary to Determine the Identity of the Alleged Infringers.**

Under Federal Rule of Civil Procedure 26(d), the parties may not seek discovery from any source prior to the 26(f) Conference. In compliance with the Rules, Link Snacks has not yet served discovery. In order to determine the true identity of all the defendants and the source of the infringing products, however, Link Snacks requests that the Court allow it to subpoena eBay, Inc., the platform where many of the products are

being sold, to provide the name, address, and contact information regarding the fake coupon sellers.

### A. Link Snacks Owns the JACK LINK'S Brand of Meat Snacks Products.

Link Snacks is the owner of the JACK LINK'S® brand of meat snack products. (Dkt. No. 1, ¶¶ 12-14.) Link Snacks has used its JACK LINK'S mark and variations of that mark since at least as early as 1985 in connection with the sale of its products. (*Id.* at ¶ 12.) Link Snacks' JACK LINK'S logo is displayed below:



(*Id.* at ¶ 13.)

Link Snacks has expended a substantial amount of money and effort in advertising and promoting the JACK LINK'S mark. (*Id.* at ¶ 16.) Link Snacks and its JACK LINK'S mark are well known and consumers have come to know, rely upon, and recognize the JACK LINK'S mark as identifying Link Snacks' meat snack products. (*Id.* at ¶ 17.) As a result of Link Snacks' substantial promotional, advertising, publicity, and public relations activities, the JACK LINK'S mark has acquired substantial goodwill and is an extremely valuable commercial asset. (*Id.*)

**B. Defendants Have Engaged in a Scheme to Infringe on the JACK LINK'S Mark and Cause Harm to the Consuming Public.**

Defendants are using the JACK LINK'S mark in connection with marketing and sale of fake coupons via online stores such as eBay.com. (Dkt. No. 1, ¶ 21-23.) Defendants prominently use the JACK LINK'S mark in connection with the fake coupons. An example of the fake coupon is displayed below:



(*Id.* at ¶ 21.) The coupon is similar to a coupon Link Snacks offered in 2009 that has long since been discontinued. Defendants have copied the coupon and offered fake coupons for sale under the guise as official coupons. (*Id.* at ¶ 24.) These coupons, however, are not legitimate. Upon investigation, the fake coupons are printed on a different stock of paper and have a shiny or glossy sheen. Additionally, the paper is not consistent throughout, showing that the printing on the front is a copy as opposed to a legitimate copy. Defendants' conduct constitutes counterfeiting.

As a result of Defendants' use of the JACK LINK'S mark in association with their fake coupons, consumers have purchased the coupons thinking they were legitimate coupons and have attempted to redeem them for JACK LINK'S brand meat snacks. Based on the significant quantity of fake coupons, Link Snacks has instructed stores to

4

cease accepting the fake coupons. Defendants' actions are likely to cause consumers to pay money for coupons they thought were legitimate. (*Id.* at ¶ 24.) Further, Defendants' actions reflect negatively on Link Snacks, who is blamed for not accepting the coupons.

### C. Defendants Operate in a Cloud of Secrecy.

Defendants operate in secrecy to offer to sell, promote, and sell fake coupons. (Dkt. No. 1, ¶ 4.) Defendants offer products via eBay using user names. By selling the products via eBay under a user name, Defendants are able to hide their true identity. For example, one of the listings was sold by "hauser0_60" as shown below:



The listing does not provide information regarding the seller's name, address, or other contact information. All of the Defendants offer products via eBay using a user name, which does not provide the actual contact information. Link Snacks continues to work with eBay to identify the sellers. However, based on the continued selling, Link Snacks requests expedited discovery as set forth herein.

## ARGUMENT

I. **LINK SNACKS SHOULD BE PERMITTED TO TAKE LIMITED EXPEDITED DISCOVERY TO IDENTIFY THE JOHN DOE DEFENDANTS.**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, no party may seek formal discovery until the parties have met and conferred, except by court order. Fed. R. Civ. P. 26(d). Limited discovery is appropriate and necessary in this case to establish the true identity of the source of the infringing products. Moreover, the discovery is particularly appropriate here where the defendants' continued conduct harms the public, making preliminary relief appropriate.

  A. **Good Cause for Limited Expedited Discovery is Established because that Discovery is Necessary to Identify the Identity of the Source of the Infringing Products.**

Limited discovery prior to the Rule 26(f) conference is appropriate to determine the true identity of the defendant in the case. *See Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 651 (D. Minn. 2002); *See First Nat'l of Neb., Inc. v. Does 1-5*, 2006 U.S. Dist. LEXIS 53881, *2 (D. Neb. July 26, 2006) (granting leave to conduct limited discovery and suspending meet and confer requirement of Rule 26(f)); *see also* Fed. R. Civ. P. 26(d) Advisory Committee note (1993 and 2000) (recognizing the courts' discretion to order discovery prior to the Rule 26(f) conference).

Limited discovery prior to the Rule 26(f) conference is necessary in this case to determine the true identity of the source of the fake Jack Link's coupons sold via eBay and to confirm the number and amount of sales. Because the sellers need only operate under an eBay user name, their true identities are hidden. eBay likely has the name,

6

address, and other contact information of the sellers. eBay also is likely to have information regarding the products sold by each of the Defendants to confirm the illegitimacy of the coupons. At this point, however, Link Snacks does not know the scope of infringement. First, the user name does not provide adequate contact information. Second, the seller information is maintained as public for only 90 days. Link Snacks needs discovery to determine the eBay user account and identification information for each seller who has sold fake Jack Link's coupons.

### B. Good Cause is Established based on the Ongoing Harm to the Public.

"Good cause" for expedited discovery exists when discovery is necessary to develop the facts related to preliminary injunctive relief. *Onan Corp. v. United States*, 476 F. Supp. 428, 430, 434 (D. Minn. 1979) (granting plaintiff's motion for expedited discovery "so it can better present its factual case to the court."); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (holding further development of the record before the preliminary injunction hearing will better enable the court to judge the parties' interests and respective chances for success on the merits), *aff'd in part*, *rev'd in part on other grounds*, 746 F.2d 429 (8th Cir. 1984).

Despite Link Snacks' efforts to stop the continued infringement via enforcement requests to eBay, Defendants continue to sell the fake coupons. (Dkt. No. 1, ¶ 26.) The continued sale of the fake coupons harms Link Snacks and its goodwill associated with its JACK LINK'S brand. Moreover, Defendants continue to charge consumers for coupons that are not legitimate and may not be accepted at retail locations. In turn, Defendants' conduct harms Link Snacks' goodwill associated with its products and trademarks.

The expedited discovery is necessary to determine the identity of the source in order to shut down the sale of products that infringe Link Snacks' rights and to prevent the continued consumer harm. Link Snacks' need to obtain discovery promptly outweighs any potential burden or prejudice to the Defendants.

### C.     Expedited Discovery will be Limited to Identifying the Source of the Products.

Link Snacks' discovery will be limited to determining the identity of the individuals and identifying the scope of the fake coupons sold via eBay. Link Snacks proposes to serve 5 document requests as part of the subpoena to eBay. A copy of the proposed requests is attached as Exhibit A.

In order to eliminate any issues regarding confidentiality, Link Snacks requests that the Court enter the standard protective order, Form 5. A copy of Form 5 with modifications for this case is attached as Exhibit B.

## CONCLUSION

Plaintiff Link Snacks respectfully requests the right to take expedited discovery from third party eBay.com in order to identify the true identity of the source of the infringing and fake coupons sold via eBay. Link Snacks also requests that the Court enter the standard protective order, Form 5.

Dated:  March 20, 2013              By:  s/ William D. Schultz
                                         Scott W. Johnston  (MN# 247558)
                                         William D. Schultz  (MN# 323482)
                                         3200 IDS Center
                                         80 South Eighth Street
                                         Minneapolis, MN  55402-2215
                                         Telephone:  (612) 332-5300
                                         Facsimile:  (612) 332-9081
                                         sjohnston@merchantgould.com
                                         wschultz@merchantgould.com

                                         ***Attorneys for Plaintiff Link Snacks, Inc***.