## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| LINK SNACKS, INC., | ) |
| | ) |
| Plaintiff, | ) Court File No. 13-cv-00604-JNE-JSM |
| | ) |
| v. | ) |
| | ) |
| JOHN DOES 1-100 | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE SUMMONS AND COMPLAINT

Plaintiff filed its lawsuit against John Does 1-100 on March 15, 2013. Under Rule 4(m), Plaintiff has until July 13, 2013 to serve the Complaint – 120 days after the Complaint was filed. Because Plaintiff needs additional time to locate the defendants and effect service, Plaintiff moves the Court for a 90-day extension of time to October 11, 2013.

### I. Background

Plaintiff initially identified 40-50 sellers on eBay.com that are engaged in selling fake coupons related to Link Snack's meat snack products sold under the trademark JACK'S LINKS. Plaintiff requested limited expedited discovery from this Court to serve a subpoena on eBay, Inc. to identify the John Doe defendants alleged to infringe

Plaintiff's trademark. This Court granted Plaintiff's Motion for Expedited Discovery on March 26, 2013.

Plaintiff served limited discovery on eBay on March 29, 2013. (Schultz Decl., ¶ 2 at Exhibit A). eBay responded to the discovery on April 18, 2013 and provided the names and addresses of the eBay sellers. (Schultz Decl., ¶ 3 at Exhibit B). On April 30, 2013, Plaintiff sent communications to those sellers requesting information regarding the manufacturer of the coupons at issue. (*See, e.g.*, Schultz Decl., ¶ 4 at Exhibit C). Plaintiff received a response from several of the eBay sellers indicating that they were not the producers or manufacturers of the coupons. However, commonality emerged as to the identity of the manufacturer and producers of the coupons as Alexey Romasha and Rusland Zhumasov of Lake Zurich and Hoffman Estates, Illinois. (*See, e.g.*, Schultz Decl., ¶ 5 at Exhibit D).

Plaintiff also contacted the Coupon Information Center ("CIC"), which assists companies in tracking fraudulent coupons, informing consumers of those coupons, and working with law enforcement to determine the identity of the producers of the coupons. Plaintiff provided the names and locations of Alexey Romasha and Rusland Zhumasov to the CIC. (Schultz Decl., ¶ 7). In May of 2013, the CIC provided to Plaintiff the name of a detective with the Lake Zurich Police Department. (Schultz Decl., ¶ 8).

Plaintiff contacted the Lake Zurich Police Department and worked with the detective to learn more information about the addresses provided by the eBay sellers. (Schultz Decl., ¶ 9 at Exhibit E). Plaintiff also provided the name of a third party who was identified as a potential producer of the coupons, Greg Peffley. The Lake Zurich

Police Department visited the addresses provided in Lake Zurich and found that the residences were foreclosed and that they appeared to be not inhabited. Further, the detective stated that it did not appear the residences were receiving deliveries.

In addition to working with local authorities, Plaintiff communicated with an attorney for Applegate Farms, another company that experienced coupon counterfeiting. Applegate Farms, like Plaintiff, learned that Alexey Romasha and Rusland Zhumasov were the producers of the fraudulent coupons. Neither party, however, has been able to determine an actual address.

Plaintiff continues to monitor eBay for information regarding the manufacturer of the fraudulent coupons. eBay sellers continue to sell the coupons. Plaintiff has requested the identity of those sellers from eBay, but has not yet received information that has led to the identity of the actual manufacturers. Plaintiff continues to seek the information regarding the manufacturers of the coupons.

## II. Argument

A plaintiff may move for an extension of time to serve a summons and complaint on a defendant pursuant to Fed. R. Civ. P. 6(b). *Baden v. Craig-Hallum, Inc.*, 115 F.R.D. 582, 585 (D. Minn. 1987). Motions to extend before the expiration of the 120-day period of service of process "are to be liberally permitted." *Id.* (interpreting Fed. R. Civ. P. 4(j) which later became 4(m)). "[Q]uite apart from the Court's discretionary authority, if the plaintiff shows good cause for the failure, the court *shall* extend the time for service for an appropriate period." *Rollerblade v. Rappelfeld*, 165 F.R.D. 92, 94 (D. Minn. 1995)

(internal quotation marks omitted) (construing Fed. R. Civ. P. 4(m) to mandate an extension of time for service of process if good cause is shown).

Plaintiff has good cause for requesting this Court to extend the time period for service of process. *Lewis v. MSM, Inc.*, 63 Fed. Appx. 972, 972 (8th Cir. 2003) (affirming the district court's grant of a motion to extend the time for service after the plaintiff demonstrated good cause through her inability to ascertain the correct defendant). Like the plaintiff in *Lewis*, Plaintiff engaged in a good faith effort to identify the correct defendants. Plaintiff has also diligently attempted to locate the manufacturer defendants and is continuing to do so. Plaintiff's efforts are hindered by the fact that the manufacturers believed to be infringing have used addresses of foreclosed homes. Plaintiff continues to work with other parties and law enforcement to track down the identity and address of the manufacturers.

For these reasons, Plaintiff respectfully requests that this Court extend the time for service of process by 90 days to October 11, 2013.

Respectfully submitted,

Dated:  July 12, 2013        By: s/William D. Schultz
                             Scott W. Johnston (MN# 247558)
                             William D. Schultz (MN# 323482)
                             3200 IDS Center
                             80 South 8th Street
                             Minneapolis, MN 55402
                             Phone: 612.332.5300
                             Fax: 612.332.9081

                             *Attorneys for Plaintiff*
                             *Link Snacks, Inc.*